UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN PERRYMAN,

        Plaintiff,                  CASE NUMBER: 05-74741
                                         HONORABLE VICTORIA A. ROBERTS

v.

AVAYA CORPORATION
LONG TERM DISABILITY PLAN
A Foreign Corporation,

        Defendant.
_____/

## ORDER

### I.    INTRODUCTION

This is an employee benefits case governed by the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1001 et seq. ("ERISA"). Allen Perryman ("Plaintiff") is suing AVAYA, Inc. Long Term Disability Plan ("Defendant"). He claims that it wrongfully terminated and denied his long-term disability benefits. Plaintiff says he is unable to work as a result of suffering from Deep Vein Thrombosis and Pulmonary Embolus. Before the Court is Defendant's motion to affirm its administrative decision and Plaintiff's motion to reverse Defendant's administrative decision. For the reasons that follow, Defendant's motion is **GRANTED**; Plaintiff's motion is **DENIED**.

### II.    LEGAL STANDARD - ENTRY OF JUDGMENT

The Court will decide this matter under the guidelines set forth in *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609 (6th Cir. 1998). Findings of fact and

conclusions of law are issued based solely on the administrative record. *Id*; *see also Eriksen v. Metro. Life Ins. Co.*, 39 F.Supp.2d 864 (E.D.Mich. 1999).

### III.   ANALYSIS

#### A.   Findings of Fact

For almost nine years, Plaintiff was employed by Defendant as an occupational employee holding the position of Senior Production Specialist. Plaintiff's position required him to stand for two hours, walk intermittently, and sit frequently for short time periods. As an employee, Plaintiff was eligible for and participated in a long-term disability ("LTD") plan. LTD benefits are self-funded by Defendant through a trust. GatesMcDonald is the claims administrator for LTD benefits.

Plaintiff was diagnosed with Deep Vein Thrombosis ("DVT") and Pulmonary Embolus ("PE"). On January 16, 2002, he applied for and received 52 weeks of short-term disability benefits pursuant to the terms of Defendant's Sickness and Accident Disability Plan. Prior to conclusion of his short-term benefits, on December 5, 2002, Plaintiff applied for LTD benefits. His treating physician, James Steier, D.O., provided documentation listing DVT and peripheral edema as the conditions contributing to or causing Plaintiff's disability. Dr. Steier stated that Plaintiff was unable to work because he was at risk for repeat DVT and PE, had severe leg pain and swelling, and edema in his legs, all of which was further complicated by Plaintiff's obesity. The documentation also indicated that Plaintiff's condition was so severe he was incapable of minimal sedentary activity.

Based upon this diagnosis, LTD benefits were approved and paid from January

16, 2002 through September 23, 2003. GatesMcDonald requested and received medical documents from Dr. Steier regarding Plaintiff's weight. The records revealed that Plaintiff suffered from obesity and was scheduled for gastric bypass surgery.

Under the LTD Plan, Plaintiff was periodically required to submit proof of his disability to the claims administrator. In June 2003, Karen Fletcher, a registered nurse and medical case manager ("MCM"), requested additional and updated medical records regarding Plaintiff's condition. She did not immediately receive a response. During this same time period, Plaintiff applied for and was denied social security disability benefits. The Social Security Administration ("SSA") stated the following as its reason for denial:

> We also considered all information supplied by you, others you may have identified that know about your condition, and sources contacted during the adjudication of this claim.
>
> You said you were unable to work because of deep vein thrombosis, pulmonary embolus, edema, SOB, pain and blisters. The evidence shows that you are overweight and have a history of treatment for these problems. Dr. Steier said that you were prevented from doing even minimal activity. We have considered his opinion, but are unable to let anyone decide for us if you are disabled. Other evidence shows that you are able to stand and walk normally, and you do not have blisters or open sores at the current time. You are unable to do work that requires lots of standing and walking and will require normal breaks to elevate your leg. You are able to do work that is mostly seated in nature. You are able to return to your past job in customer service, as the job is usually performed.

Further, SSA noted that other trained personnel and physicians reviewed the file and participated in the decision.

In July 2003, Plaintiff stated in a phone conversation with the MCM that he and his wife were moving from Nebraska to Michigan because she received new employment. The MCM noted that Plaintiff traveled several times by airplane to Michigan in search of a home. The MCM also noted that Plaintiff flew from Omaha,

3

Nebraska to Dallas, Texas for a family reunion.

On July 29, 2003, August 4, 2003, and again on September 8, 2003, MCM Fletcher faxed Dr. Steier, requesting office notes and reports related to Plaintiff's condition and his most recent consultation in July. On September 16, 2003, the MCM spoke with Plaintiff and requested updated medical information. She also informed him that the current information was not sufficient to continue LTD benefits. It is unclear whether much of the information requested from Plaintiff on September 16, 2003, and again on September 23, 2003, was received prior to Defendant's benefit determination. However, Dr. Steier's medical records indicated that as of September 5, 2003 Plaintiff's condition was the "same" and he was continuing the "same" treatment.

On September 24, 2003, after reviewing Plaintiff's file, GatesMcDonald concluded that there was no objective evidence to support disability. Specifically, the letter stated "your LTD benefits are being denied because medical reports are not sufficient to support LTD. Also, the ability to travel via airplane to and from Nebraska to Michigan frequently in the past one-two months does not support a disability."

Under the LTD Plan, the party seeking benefits "must be unable to do any job for any employer for which [he is] qualified, or for which [he] may reasonably become qualified by training, education, or experience, other than one that pays less than 50% of [his] eligible base pay at the time you became disabled." Based on this definition, Defendant issued a letter to Plaintiff denying benefits and advising him of his right to appeal.

On November 24, 2003, Plaintiff did appeal the decision. In support of his appeal and in response to the MCM's request for updated information, he submitted an October

2, 2003 letter from Dr. Steier stating that he was totally disabled due to his DVT and PE; that his healthcare required bed rest and elevated legs; and that he needed gastric stapling for his chronic obesity.

In opposing the appeal, MCM Karen Fletcher provided a case summary and recommended as follows:

> Initial LTD was supported by objective medical findings reported by the provider. The earlier complaints of skin changes, severe pain and skin warm to the touch are not noted in the more recent reports. Dr. Steier's letter of 10/2/03 stated that Mr. Perryman was "totally disabled." He provided diagnoses of DVT and severe peripheral edema with a complication of obesity. According to Presley Reed Medical Disability Guidelines, there are no specific disability ranges for DVT. Disability could range from "several weeks to several months . . . may be permanent." Guidelines for Obesity state that "some obese individuals, especially those who are morbidly obese, may no longer be able to perform their duties efficiently since obesity tends to tire them out more easily . . . accommodations may include the possibility of a more sedentary position or one that incorporates limited exertion." However, the office notes from July 2003 forward do not contain objective findings to support continued disability for either DVT or obesity.
>
> Although the criteria for SSDI and LTD differ, the findings of the Social Security Administration support that Mr. Perryman would be able to work in a sedentary position. The lack of objective findings in the recent office notes would also tend to support the position that Mr. Perryman could work in [sic] sedentary type position.
>
> It seems clear that Mr. Perryman is overweight and is at risk for DVT. According to the doctor, this will not resolve until he has lost weight. Mr. Perryman opted not to pursue gastric bypass surgery in July due to the move to Michigan. There is no evidence that he has scheduled the surgery at this time and there is no evidence that he sought treatment from a provider in Michigan. This delay, when taken together with the travel and lack of objective findings reported tend to support that Mr. Perryman's condition is not so severe as to be totally disabled. There is little evidence to indicate that Mr. Perryman is unable to work in, at least, a sedentary position at this time. The MCM is unable to recommend continued LTD at this time.

With this recommendation and findings from MCM Fletcher, the Benefits Claim and Appeal Committee ("BCAC") upheld the denial of benefits. On December 14, 2005,

Plaintiff filed suit to reverse the final determination to deny benefits.

### B. Conclusions of Law

**1. Standard of Review**

The parties agree that the standard of review in this case is the arbitrary and capricious standard. This deferential standard of review is appropriate when the ERISA plan provides the plan administrator with discretion and the decision being appealed was made in compliance with plan procedures. *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590, 597 (6th Cir. 2001). The arbitrary and capricious standard of review "is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Shields v. Reader's Digest Ass'n Inc.*, 331 F.3d 536, 541 (6th Cir. 2003)(internal citations and quotations omitted). Put differently, a decision regarding eligibility for benefits is not arbitrary or capricious if the decision is "rational in light of the plan's provisions." *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988). A decision reviewed under this standard must be upheld if it is supported by "substantial evidence." *Baker v. United Mine Workers of Am. Health & Retirement Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991).

**2. Long Term Disability Benefits**

The administrative record supports the conclusion that Defendant's decision was both reasonable and "rational in light of the plan's provisions."

Defendant's stated reason for denying benefits was that Plaintiff's medical records did not substantiate that he was disabled and unable to work with restrictions. Plaintiff argues that the conclusions of his treating physician establish that he is

6

disabled.

The administrative record indicates that Dr. Steier examined Plaintiff for his alleged disability in July 2003 and determined that his condition was the same as in December 2002.  However, no objective medical evidence supported this conclusion as it had when Dr. Steier first reported Plaintiff's conditions of DVT and PE.  Then, Dr. Steier noted severe leg pain, swelling, and edema.  The earlier complaints of skin changes, severe pain and skin warm to touch are not noted in the more recent reports.  Aside from this statement that Plaintiff's condition was the "same," Dr. Steier provided Defendant with no other objective medical evidence.  From July, 2003 forward, Dr. Steier's office notes do not indicate swelling or severe leg pain.  Rather, his July 22, 2003 office notes only state that Plaintiff's medicine dosage needs to be altered; that Plaintiff needs weight loss and probably will require surgery; and that Plaintiff was moving to Michigan.

Plaintiff admitted that he was able to travel and leave his house for extended-periods of time during the same time period.  MCM Fletcher's notes indicate that from July 30, 2003 to September 16, 2003, Plaintiff stated he traveled by airplane to Michigan approximately every two weeks despite Dr. Steier's March 12, 2003 diagnosis that Plaintiff needed bed rest and to elevate his legs until he underwent gastric bypass surgery.  The administrative record, however, indicates that Plaintiff decided to forego the surgery and did not seek out a new physician once he moved to Michigan.  This evidence and Plaintiff's admissions undermine Dr. Steier's opinion.  Therefore, Defendant concluded that Plaintiff's file showed a lack of "objective findings to support the disability reported."

7

Numerous courts hold that an administrator's decision to deny benefits is reasonable and rational in the absence of objective medical evidence to substantiate the claim of disability. *Davis v. Broadspire Serv., Inc.*, No. 04-74792, 2006 WL 752602 (E.D.Mich. March 23, 2006)(plan administrators decision to deny benefits was rational when none of the plaintiff's treating physicians provided objective medical evidence to support their disability diagnosis); *see also Mossoian v. DaimlerChrysler Co.*, No. 06-11272, 2006 WL 3206074 (E.D.Mich. November 3, 2006); *Stano v. Lumberman Mut. Cas. Co.*, No. 06-10842, 2007 WL 171601 (E.D.Mich. Jan 18, 2007).

In reviewing a plan administrator's denial of benefits, this Court is not a "rubber stamp." *Moon v. Unum Provident Corp.*, 405 F.3d 373, 379 (6th Cir. 2005). Defendant's denial of benefits must be upheld only if it is rational in light of the plan's provisions. *Spangler v. Lockheed Martin Energy Sys., Inc.*, 313 F.3d 356, 361 (6th Cir. 2002). On this record, the Court finds that Defendant acted rationally to deny Plaintiff's benefits; no objective medical evidence indicated that he is unable to perform any occupation.

Nevertheless, Plaintiff argues that Defendant acted arbitrarily and capriciously in rejecting the opinion of Dr. Steier. Both parties agree that Defendant is not obligated to defer to Dr. Steier's opinion or findings of alleged disability. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003)(rejecting the application of the "treating physician" rule to ERISA cases). Plaintiff, however, contends that, as his treating physician, Dr. Steier's findings should not be completely discounted. While it is true that Defendant did not embrace the disability conclusions of Dr. Steier, this Court does not agree that Defendant discounted them. Dr. Steier provided unsupported and

8

unexplained statements that Plaintiff is "totally disabled."  Defendant chose not to rely on this opinion because it was not supported by objective medical evidence.

"Courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation."  *Black & Decker Disability Plan*, 538 U.S. at 834.  Neither Defendant nor this Court must give special deference to Dr. Steier's opinion.

Moreover, "when a plan administrator chooses to rely upon the medical opinion of one doctor over that of another in determining whether a claimant is entitled to ERISA benefits, the plan administrator's decision cannot be said to have been arbitrary and capricious because it would be possible to offer a reasoned explanation, based upon the evidence, for the plan administrator's decision."  *McDonald*, 347 F.3d at 169.

Plaintiff's traveling conflicts with Dr. Steier's diagnosis of bed rest.  While the Court would have liked a more developed record as to the circumstances under which Plaintiff traveled - whether he utilized a wheelchair at the airport or walked around in-flight - it was not unreasonable for Defendant to infer that Plaintiff's frequent travel supports a capacity to work.  Although Plaintiff did state in his appeal that traveling was a "frightening necessity"[1] and Dr. Steier noted that he was allowed to travel because of

---

[1] Plaintiff also stated that "being on an airplane and my leg falling asleep is how my sickness occurred."  The administrative record does not provide an explanation of the nature of DVT or the effect of flight travel.  However, the Court notes that DVT is a blood clot that develops deep in the vein and long flights may increase the risk of developing DVT.  *See* http://en.wikipedia.org/wiki/Deep_vein_thrombosis (last visited March 6, 2007); *see aslo*  http://www.nlm.nih.gov/medlineplus/ency/article/000156.htm

his "family situation," Defendant's decision to not credit Plaintiff's or Dr. Steier's explanation was not arbitrary and capricious given the lack of additional objective findings. Generally, "the mere possibility that a participant in an ERISA plan might be able to return to some type of gainful employment, in light of overwhelming evidence to the contrary, is an insufficient basis upon which to support a plan administrator's denial of benefits." *Glenn*, 461 F.3d at 674. However, under these circumstances - Plaintiff's travel and Dr. Steier's failure to provide detailed reports - there is no overwhelming evidence contradicting Defendant's finding that Plaintiff could return to work in some capacity. Thus, Defendant's denial of benefits was rational in light of the evidence presented.

### A.   Social Security Administration's Determination

Next, Plaintiff argues that the SSA's determination that he is not totally disabled should not have been considered by the BCAC in denying his claim for LTD benefits. Plaintiff asserts that the requirements for social security disability benefits and LTD eligibility are different and, therefore, reliance on the SSA decision demonstrates that the BCAC's determination was arbitrary. Defendant, however, argues that the consideration of the SSA's findings was proper. For this proposition, Defendant relies on *Glenn v. Met life*, 461 F.3d 660 (6th Cir. 2006). In *Glenn*, the Sixth Circuit recognized that a disability determination by the SSA is relevant in an action to determine the arbitrariness of a decision to terminate benefits under an ERISA plan. *Id.* at 667.

---

(last visited March 6, 2007). The Court only states this for clarification and is not relying on information outside of the administrative record.

Physicians and other trained personnel from the SSA reviewed Plaintiff's medical reports and denied his claim because other evidence showed that he was able to stand and walk normally. In reviewing files, the SSA must apply the "treating physician rule" which provides that deference is to be given to the opinions of treating physicians where there is objective support for those opinions in the record. *Cutlip v. Sec'y of H.H.S.*, 25 F.3d 284, 286-87 (6th Cir. 1994). However, that principle has been rejected by the Supreme Court in the ERISA context. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). However, the SSA's consideration and rejection of Dr. Steier's findings, though not binding, is far from meaningless. See Glenn, 461 F.3d 660 (noting that "'a plan administrator's decision denying disability benefits where the Social Security Administration has determined that the applicant was totally disabled' can be considered arbitrary and capricious."). Thus, Defendant's consideration of the SSA decision was not arbitrary.

### B.      Defendant's Reliance on a "File Review"

Plaintiff contends that Defendant acted improperly when it relied upon the medical assessment of MCM Fletcher, a registered nurse, instead of an independent doctor. Plaintiff argues that reliance on only a file review deprives him of a "full and fair" review. In support of this argument, Plaintiff cites *Calvert v. Firstar Fin. Inc.*, 409 F.3d 286, 295 (6th Cir. 2005).

Defendant, however, argues that *Calvert* is inapposite and that the file review was reasonable. In *Calvert*, the Plaintiff argued that the plan administrator's reliance on a file review rather than a physical examination in its decision-making process was improper. *Id.* at 295. The Sixth Circuit stated that "reliance on a file review does not,

11

standing alone, require the conclusion that [Defendant] acted improperly." The Court further explained that the "decision to conduct a file review rather than a physical exam as just one more factor to consider in your overall assessment of whether [Defendant] acted in an arbitrary and capricious fashion." *Id.* In the end, the Court concluded that the file review was inadequate because the reviewer did not describe the data he reviewed, failed to note certain objective tests that were in the record, and did not appear to be aware of certain medical procedures that the plaintiff underwent. *Id.* at 296.

Unlike in *Calvert*, MCM Fletcher thoroughly reviewed Plaintiff's medical records and even requested updated information from Dr. Steier. She also reviewed the SSA decision as well as the Presley Reed Medical Disability Guidelines. Her recommendation describes the data reviewed and explains her reasoning. Thus, the Court finds that the file review conducted was far from inadequate.

Moreover, the Sixth Circuit has upheld a plan administrator's decision where a nurse reviewed the medical evidence. *See Wages v. Sandler, O'Neil & Partners, L.P.*, 37 Fed.Appx. 108 (6th Cir. 2002). And, the Sixth Circuit has never held that a plan administrator must hire a physician to undertake an independent review of an applicant's record before denying benefits. *See, e.g., Boone v. Liberty Life Assurance Co. of Boston*, 161 Fed.Appx. 469, 474 (6th Cir. 2005)(unpublished)(citing *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376 (6th Cir. 1996)).

In summary, the process Defendant used in making Plaintiff's disability determination was not arbitrary or capricious. Defendant reviewed Plaintiff's file and considered the opinion of his treating physician. The Court finds that Defendant's

decision was rational in light of the plan.

### IV.    CONCLUSION

The Court **AFFIRMS** Defendant's denial of benefits.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 20, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 20, 2007.
>
> S/Linda Vertriest
> Deputy Clerk